# EXHIBIT 8

                        UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION

IN RE OPTICAL DISK DRIVE        )
PRODUCTS ANTITRUST              )
LITIGATION,                     )
                                )
------------------------        )   No. 3:10-md-2143 RS
This Document Relates to:       )
ALL INDIRECT PURCHASER          )
ACTIONS                         )

          The videotaped deposition of KEVIN M.

MURPHY, Ph.D., called for examination, taken

pursuant to the Federal Rules of Civil Procedure

of the United States District Courts pertaining to

the taking of depositions, taken before JANET L.

ROBBINS, CSR No. 84-2207, Certified Shorthand

Reporter of the State of Illinois, at Latham &

Watkins LLP, 330 North Wabash Avenue, Chicago,

Illinois, on April 30, 2017, at 9:01 a.m.

          *****RESTRICTED CONFIDENTIAL*****

empirical analysis of how supply and demand factors changed Dell prices in this case?

A.    Those are the ones that popped in my mind.  That's not to say there aren't others in the report, but those are the ones that I think are the most relevant.

Q.    Did you conduct any analysis that would foreclose the other -- the possibility of factors, other than supply and demand, changing Dell's prices?

A.    I would say -- in particular, I think we're most able to address that the shorter the horizon.  So I think 7A and 7B would -- would -- would be the period of which you can do that most -- most directly because that's the period where --

Q.    8A and 8B?

A.    8A and 8B, I'm sorry, not 7A and 7B.

8A and 8B would be the periods where you could do that the most directly because it's the shortest time horizon, which is going to give you the cleanest comparisons statistically in the pricing behavior under the two scenarios.

Q.    All right.  If you could flip to Page 13, please.

                    CERTIFICATE

                        OF

            CERTIFIED SHORTHAND REPORTER


         I, JANET L. ROBBINS, a Certified

Shorthand Reporter of the State of Illinois, CSR

License No. 84-2207, do hereby certify:

         That previous to the commencement of

the examination of the witness, the witness was

duly sworn to testify the whole truth concerning

the matters herein;

         That the foregoing deposition

transcript was stenographically reported by me and

was thereafter reduced to typewriting under my

personal direction and constitutes a true and

accurate record of the testimony given and the

proceedings had at the aforesaid deposition;

         That the said deposition was taken

before me at the time and place specified;

         That I am not a relative or employee or

attorney or counsel for any of the parties herein,

nor a relative or employee of such attorney or

counsel for any of the parties hereto, nor am I

interested directly or indirectly in the outcome

of this action.

IN WITNESS WHEREOF, I do set my hand and affix my seal this 2nd day of May, 2017.

*Janet L. Robbins*

JANET L. ROBBINS, CSR, RPR

CSR License No. 84-2207

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE OPTICAL DISK DRIVE        )
                                )
PRODUCTS ANTITRUST LITIGATION ) No. 3:10-md-2143 RS
                                )
                                )
                                )

     The continued RESTRICTED CONFIDENTIAL deposition of KEVIN M. MURPHY, PH.D., called by the Plaintiff for examination pursuant to notice and pursuant to the Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, taken before Barbara Perkovich, a notary public within and for the County of Cook and State of Illinois, at Suite 2800, 330 North Wabash Avenue, Chicago, Illinois on the 1st day of Mary 2017.

periods.  And it's probably that elapse of time that is the biggest challenge.  Also even within the post period the world is changing, because by the time you get to the later post period, you really have kind of a declining demand scenario for these types of devices.  More and more computers are getting sold that don't have to have a DVD drive because people don't have as much demand for that.

Q.  So, if I'm understanding, the point of that comment, there seems to be two points there.  Point number one is you're expressing concern about how far out, I guess, the benchmark period is, vis a vie 2003 and 2004.  And you're also expressing concern about the fact that the benchmark period itself is six years.  Did I get that correct?

A.  Yes.  And I would say if I had to order those two things, I would order the first one and then the second one.

Q.  Focusing on the second one, meaning the benchmark period itself is six years and you think that is highly problematic and I understand you've laid that out as to why you think so, what would work as a benchmark period? Are we talking two years, three years, four years, what are your thoughts on that?

A.  I think if I was to make a comparison I

would do something closer to what I did, which is compare the end of the relative period to the beginning of the post period.  And I tended to do that using three, six, twelve months.  That type of comparison, I mean, somebody could try going a little farther.  The further you go, the more you need to try to control for other factors.  Because the father you go out, the more other things are going to change.

And what I'm saying is, given that that's where the theory says I should see something and given that's where I think I can say the most empirically, it's sort of, from a scientific standpoint, tells me that's the place I would want to look.  And inherently, if I don't see it there, I'm going to be very skeptical of what I see back in '03/'04 because I know that's the part where I'm going to have the toughest time getting an accurate representation of the "but for" world.  And that, I think, is the key problem that I see with the methodology that Dr. Aron put forth.

Q.  Let's turn our attention now to Page 176.  And the focus of my next series of questions, Dr. Murphy, relates to just the first sentence.  You state in Paragraph 176, To test the validity of Dr. Aron's

REPORTER'S CERTIFICATE

I, BARBARA PERKOVICH, CSR No. 84-004070, Certified Shorthand Reporter, certify:

That the foregoing proceedings were taken before me at the time and place therein set forth.  At which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the examination were recorded stenographically by me and were thereafter transcribed;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of Illinois that the foregoing is true and correct.

Dated this 3rd day of May, 2017.

_____
BARBARA PERKOVICH, C.S.R. No. 84-004070